**E-FILED on** __3/6/07__

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PACKETEER, INC., <br><br> Plaintiff, <br><br> v. <br><br> VALENCIA SYSTEMS, INC., <br><br> Defendant. | No. C-06-07342 RMW <br><br> ORDER GRANTING MOTION TO DISMISS <br><br> **[Re Docket No. 5]** |

Defendant Valencia Systems, Inc. ("Valencia") moves to dismiss the complaint for declaratory relief filed by Packeteer, Inc. ("Packeteer"), or to stay the case pending arbitration. Packeteer asserts that the arbitrator does not have jurisdiction to arbitrate the claims that are the subject of its plea for declaratory relief, specifically claims under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and the Digital Millennium Copyright Act ("DMCA"),17 U.S.C. § 512, *et seq.*  For the reasons set forth below, the court grant Valencia's motion to dismiss.

## I. BACKGROUND

Valencia and Packeteer entered into a Software License and Development Agreement dated February 22, 2002 ("SLADA") under which Valencia agreed to develop certain customized software which it licenses to Packeteer. Compl. at ¶ 7; *see also* Decl. Elizabeth Rader Supp Mot. Dism ("Rader Decl."), Ex. A.  This agreement was renewed on February 21, 2004 and was extended until

1  February 21, 2008. *Id.* The customized software, ReportCenter, is based upon Valencia's pre-
2  existing software called "Aruba." Compl. at ¶ 8. The SLADA includes an arbitration clause which
3  reads in relevant part:

> The Parties agree to attempt in good faith to resolve any dispute concerning this Agreement or the Parties' respective obligations hereunder on an amicable basis. In the event the Parties are unable to resolve any such dispute on an amicable basis, the Parties agree that any dispute remaining unresolved shall be resolved by binding arbitration before one single arbitrator in the Greater San Francisco area, under the rules of the American Arbitration Association. Judgment on any arbitration award rendered in accordance with this Paragraph shall be final and binding on all parties.

9  SLADA ¶ 15.4.

10  Under the SLADA, Valencia allegedly agrees to provide ongoing services to Packeteer,
11  including modification, maintenance, support services and certain ongoing development. Compl. at
12  ¶ 9. The parties also agree that additional services may be ordered by Packeteer in writing under the
13  agreement and that the services shall not be unreasonably withheld. Compl. at ¶ 10. The parties
14  entered into numerous amendments to the SLADA to memorialize such additional services. Compl.
15  at ¶ 11. The SLADA also sets forth terms under which Valencia agrees to provide certain ongoing
16  support and maintenance services, which according to Packeteer "involves the implementation of
17  software and security patches for Packeteer's hardware products." Compl. ¶ 13.

18  In September 2005, a dispute arose between the parties. Packeteer asked Valencia to
19  perform services under the SLADA, but the parties apparently disagreed as to whether this request
20  sought maintenance, support, or additional development services requiring payment of additional
21  fees. The parties also disagreed over the cost for any additional development services. Since then,
22  Valencia has allegedly refused to provide additional services under the SLADA requested by
23  Packeteer and threatened to terminate maintenance and support services. Compl. ¶¶ 12, 14. On
24  June 13, 2006, Valencia filed a demand for arbitration setting forth three issues for arbitration.
25  Compl. ¶ 23. On June 19, 2006, the parties sent notices of termination to one another. Compl. ¶¶
26  24-25. On June 21, 2006 Packeteer filed suit in Santa Clara County Superior court and on June 26,
27  2006, obtained an order from that court enjoining Valencia from terminating, ending, delaying or
28

ORDER GRANTING MOTION TO DISMISS—No. C-06-07342 RMW
MAG                                                          2

limiting its maintenance and support services for the next three years unless otherwise ordered by a court or arbitrator. Compl. ¶ 14.

Meanwhile, on June 22, 2006, Packeteer asked Valencia to provide a patch to ReportCenter to allow the software to work with one of Packeteer's products, PacketShaper 1400; Valencia provided the patch on July 3, 2006. Compl. ¶¶ 27-28. According to Valencia, on September 18, 2006, Packeteer issued a press released stating that the PacketShaper 1400 now worked with ReportCenter, from which Valencia inferred that Packeteer had created a derivative work based on Valencia's proprietary source code. Mot. Summ. J. at 5; Rader Decl., Ex. E.[1] After the parties were ordered to arbitrate Valencia's original claims, Valencia filed an amended demand for arbitration, which included claims for copyright infringement and violations of the DMCA. Compl. ¶ 31.

## II. ANALYSIS

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 manifests a strong and liberal policy in favor of arbitration of disputes. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985). The Supreme Court has long recognized that "where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of in interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *AT&T Techs., Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *See Moses H. Cone Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983).

Under the FAA, the court is limited to (1) determining whether a valid agreement to arbitrate exists and, if so, (2) deciding whether the scope of the agreement to arbitrate encompasses the dispute at issue. 9 U.S.C. § 4; *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719-20 (9th Cir. 1999). It

---

[1] Valencia provides a declaration, previously submitted in the arbitration proceedings, by one of Packeteer's engineers stating that he had reverse-engineered a patch provided by Valencia in March 2006 to produce the PacketShaper 1400 patch. Rader Decl., Ex. H, Decl. Robert Moss Supp. Packeteer's Opp'n to Valencia's Mot. for Interim Measures.

is undisputed that there is a valid agreement to arbitrate between Packeteer and Valencia – in fact, the parties are presently involved in arbitration over other issues. The issue before the court is whether the copyright and DMCA claims are properly subject to arbitration.

Valencia argues that because it incorporates the rules of the American Arbitration Association, the agreement to arbitrate is sufficiently broad as to give the arbitrator the authority to determine arbitrability of issues. *See, e.g.*, *Terminix Int'l Co. v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332 (11th Cir. 2005). Based upon the language of the arbitration provision, this court agrees. *See* SLADA ¶ 15.4 ("[A]ny dispute concerning this Agreement . . . shall be resolved by binding arbitration before one single arbitrator . . . under the rules of the American Arbitration Association."). And the arbitrator has, indeed, determined that the issues are arbitrable. *See* Decl. of Amit Kurlekar Supp. Reply, Ex. A, Procedural Order #2 issued in *Valencia Systems, Inc. v. Packeteer, Inc.*, No. 74 117 Y 00661 06 DEAR (AAA Jan. 17, 2007). As set forth in further detail below, the court also independently determines that the issues are arbitrable.

Valencia contends that the issue is simply whether the agreement to arbitrate encompasses the copyright and DMCA claims in dispute. Valencia, naturally, asserts that the arbitration clause requires these claims to be arbitrated. Packeteer, on the other hand, argues that the arbitration clause only requires arbitration of breach of contract and other claims related directly to the SLADA.

The relevant language in the arbitration clause, "any dispute concerning this Agreement or the Parties' respective obligations hereunder," creates a broad scope of arbitration and encompasses all claims which arise from the parties' obligations under the SLADA. The copyright and DMCA claims at issue are based upon Packeteer's alleged creation and distribution to its customers of a patch based on having reverse-engineered a portion of Valencia's object-code, which was distributed to Packeteer under the terms of the SLADA. Furthermore, Packeteer has asserted in the arbitration that it engaged in this activity on the basis of its understanding of its rights under paragraph 11.3(c) of the SLADA, which provides, in relevant part,

> [I]n the event that this Agreement is terminated by Packeteer for cause . . . Valencia shall immediately deliver to Packeteer a copy of the Source Code version of the Licensed Software together with all information necessary for Packeteer to perform the maintenance and support services, preparing Maintenance Modifications and continue licensing the Licensed Software as contemplated herein . . . In the event Valencia fails to proivde

ORDER GRANTING MOTION TO DISMISS—No. C-06-07342 RMW
MAG 4

such source code promptly . . . Packeteer shall have the right to reverse engineer the Licensed Software code . . . .

Whether based purely upon the language of the arbitration clause in addition on Packeteer's contention in arbitration that it was permitted to act as it did because of rights granted under the SLADA, it is clear that the dispute in this case concerns the parties' obligations under the Agreement, no matter whether the issue is characterized as a question regarding whether Packeteer's conduct constituted a breach of license agreement, a violation of the Copyright Act or a violation of the DMCA. Thus, the court concludes that the agreement to arbitrate encompasses the claims set forth in Packeteer's complaint for declaratory relief.

Packeteer further contends that the copyright and DMCA claims are not subject to arbitration regardless of the scope of the agreement to arbitrate. It argues that because Congress conferred exclusive jurisdiction over copyright and DMCA claims on the federal courts, an arbitration agreement cannot subject such claims to arbitration. Courts, however, have held that copyright issues are subject to arbitration. The Ninth Circuit has assumed that copyright validity is arbitrable. *Lorber Industries of California v. Los Angeles Printworkers, Corp.*, 803 F.2d 523, 525 (9th Cir. 1986). The Second Circuit more recently rejected an argument that copyright disputes are "unsuitable" for arbitration. *McMahan Securities Co. v. Forum Capital Markets*, 35 F.3d 82, 89 (2d Cir.1994). And even in *Saturday Evening Post Company v. Rumbleseat Press, Inc.*, 816 F.2d 1191, (7th Cir.1987), which Packeteer seeks to distinguish in support of its opposition to Valencia's motion based on the nature of the copyright claims at issue in the present case, the Seventh Circuit rejected an argument by Rumbleseat Press that Congress's decision to give federal courts exclusive jurisdiction over copyright disputes implicitly precludes arbitrating disputes as to the validity of a copyright. *Id.* at 1198-99. At base, the Seventh Circuit's ruling permitted someone other than a federal court to determine a copyright claim.

Because the parties agreed to arbitrate any dispute regarding the parties's obligations under the SLADA under the rules of the AAA Rules of Arbitration, the court grants defendant's motion to dismiss. As a further basis for this court's decision, the arbitrator, acting under those Rules of Arbitration, has now determined that she has jurisdiction to arbitrate the declaratory relief claims under Copyright Act and the DMCA.

ORDER GRANTING MOTION TO DISMISS—No. C-06-07342 RMW  
MAG                                                                 5

## III.  ORDER

For the foregoing reasons, the court grants defendant's motion to dismiss.

DATED:      3/5/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Margaret Anne Crawford | maggie.crawford@dlapiper.com |
| William J. Frimel | bill.frimel@dlapiper.com |
| J. Blakely D. Kiefer | blakely.kiefer@dlapiper.com |

**Counsel for Defendants:**

Elizabeth H. Rader        erader@akingump.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    3/6/07                           /s/ MAG
                                    **Chambers of Judge Whyte**